Douglas SENGILLO, Plaintiff–
Appellant,

v.

VALEO ELECTRICAL SYSTEMS,
INC., Valeo, S.A., Retirement Acceler-
ation Program, Pension Plan for Va-
leo Electrical Systems, Inc. Bargain-
ing Unit Employees Represented by
IUE/CWA 509, GM–IUE Pension Plan,
Dennis Clark, Defendants–Appellees.*

Nos. 08–1816–cv(L), 08–2143–cv(Con).

United States Court of Appeals,
Second Circuit.

May 18, 2009.

* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

J. Nelson Thomas, Dolin, Thomas & Solomon LLP, Rochester, NY, for Appellant.

Andrew W. Bagley (Thomas P. Gies, on the brief), Crowell & Moring LLP, Washington, D.C., for Valeo Electrical Systems, Inc., Pension Plan for Valeo Electrical Systems, Inc. Bargaining Unit Employees Represented by IUE/CWA Local 509 and Dennis Clark.

Michael Collins (James Holahan, on the brief), Trevett Cristo Salzer & Andolina, P.C., Rochester, NY, for General Motors Hourly–Rated Employees Pension Plan.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES, SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Douglas Sengillo appeals from two March 18, 2008, 536 F.Supp.2d 310 and 538 F.Supp.2d 585 judgments of the District Court granting defendants' motion for summary judgment and motions to dismiss in plaintiff's suits against his former employer and the other defendants-appellees alleging discrimination on the basis of age in violation of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, breach of contract, and interference with protected rights in a pension plan in violation of Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140. On appeal, plaintiff contends that the District Court erred in (1) granting summary judgment to defendants with respect to plaintiff's ADEA claim; (2) dismissing plaintiff's breach of contract claim for failure to state a claim upon which relief can be granted; *see* Fed. R.Civ.P. 12(b)(6); (3) dismissing plaintiff's ERISA claim on the grounds that it was time-barred; and (4) dismissing defendant General Motors Hourly–Rated Employees Pension Plan ("GM Pension Plan") from the action pursuant to Rule 19 of the Federal Rules of Civil Procedure after concluding that it was not a necessary party to the action. We assume parties' familiarity with the facts and procedural history of the case.

We review the District Court's grant of summary judgment *de novo*, construing all facts in favor of the non-moving party. *See, e.g., Graves v. Finch Pruyn & Co.,* 457 F.3d 181, 183 (2d Cir.2006). Summary judgment is warranted only upon a showing "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c).

The anti-retaliation provision of the ADEA states: "It shall be unlawful for an

employer to discriminate against any of its employees … because such individual … opposed any practice made unlawful by this section, or because such individual … participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. § 623(d). In order to make out a *prima facie* case of retaliation under the ADEA, a plaintiff must demonstrate that (1) he engaged in protected participation under the ADEA, (2) the employer was aware of this activity, (3) the employer took an adverse action against the plaintiff, and (4) a causal connection exists between the protected activity and the adverse action. *See, e.g., Kessler v. Westchester County Dep't of Soc. Servs.,* 461 F.3d 199, 205–06 (2d Cir.2006).

Once a plaintiff has made out a *prima facie* case, the employer must offer a legitimate, nondiscriminatory rationale for its conduct. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If the employer does so, plaintiff's claim cannot survive a motion for summary judgment unless plaintiff has produced admissible evidence that "would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination." *Stern v. Trustees of Columbia Univ.,* 131 F.3d 305, 312 (2d Cir.1997).

 We agree with the District Court that plaintiff did not make out a *prima facie* case for retaliation inasmuch as he failed to demonstrate that he engaged in protected activity and that his employer, defendant Valeo Electric Systems, Inc. ("VESI"), was aware of any protected activity by plaintiff. *See Sengillo v. Valeo Elec. Sys., Inc.,* 538 F.Supp.2d 585, 588 (W.D.N.Y.2008). While the record demonstrates that plaintiff may have consulted with his lawyer about the possibility of a suing under the ADEA, there is no evi-

dence that defendant Dennis Clark, a manager of one of VESI's divisions who was solely responsible for the decision not to rehire plaintiff as part of VESI's hourly workforce, was aware of any threat of litigation. Further, while VESI Human Resources Officer Kathy Langston ("Langston") was aware of Sengillo's promise to "fight" his termination, Sengillo repeatedly testified that his threat was in reference to potential litigation against the supplier that had accused him of improper conduct. *See Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.,* 136 F.3d 276, 292 (2d Cir.1998) ("[I]mplicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by [the ADEA]."); *Patane v. Clark,* 508 F.3d 106, 115 (2d Cir.2007) (describing the employer awareness requirement as satisfied where plaintiff "complained directly" about discrimination to another "employee whose job it was to investigate and resolve such complaints").

 Assuming, for the sake of argument, that plaintiff did establish a *prima facie* case, he failed to rebut VESI's proffered nondiscriminatory explanation for VESI's decision not to rehire him in another department after his employment was terminated. It is undisputed that plaintiff had a documented history of poor performance at VESI, which included an error by plaintiff that cost the company an estimated $1 million, and that he was fired because of his poor performance. It is also undisputed that Clark decided not to rehire plaintiff only after learning that plaintiff had been fired due to poor performance.

 Defendant's remaining claims are without merit. The District Court properly dismissed plaintiff's breach of contract

claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), because (1) VESI's internal disclosure to Clark of the fact that plaintiff was terminated for poor performance did not amount to a breach of VESI's settlement agreement with plaintiff since the agreement did not obligate VESI to avoid such disclosures and, (2) as the District Court correctly observed, any claim based on an alleged oral contract between plaintiff and VESI is barred by the merger clauses contained in the "Release" portion of plaintiff's Severance Agreement. *See Sengillo v. Valeo Elec. Sys., Inc.,* 536 F.Supp.2d 310, 312–13 (W.D.N.Y.2008).

Finally, for the reasons stated in the District Court's order of June 14, 2004, plaintiff's ERISA claim was time-barred. *See Sengillo v. Valeo Electrical Systems, Inc.,* 03–CV–6509L(P) (W.D.N.Y June 15, 2004) (order dismissing plaintiff's ERISA claim); *see also Sandberg v. KPMG Peat Marwick, L.L.P.,* 111 F.3d 331, 333 (2d Cir.1997) (applying a two-year statute of limitations to a claim under section 510 of ERISA).

In light of our decision to dismiss plaintiff's claims against VESI, we need not consider plaintiff's argument that the District Court erred in dismissing GM Pension Plan from the action.

For reasons state above, the District Court's judgments of March 18, 2008, 536 F.Supp.2d 310 and 538 F.Supp.2d 585 are AFFIRMED.